**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| LABYRON CARR, and<br>CAPPIN4CAPO, INC., | ) | Case No. 1:23-cv-4017 |
| | ) | |
| Plaintiffs, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| v. | ) | |
| | ) | |
| META PLATFORMS, INC., SAFIYANU | ) | |
| SAHIBU, and JOHN DOE, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT

Plaintiffs Labyron Carr ("Mr. Carr") and Cappin4Capo, Inc. (together "Plaintiffs") hereby file the following Claims against Defendants Meta Platforms, Inc. ("Meta"), Safiyanu Sahibu, and John Doe (collectively "Defendants") and allege as follows:

## NATURE OF THE ACTION

1.      In this action for willful trademark infringement, false designation of origin, false endorsement, and unfair competition under the laws of the United States, and for Illinois state law trespass to chattel, false light invasion of privacy, violation of the right of publicity, and false impersonation of a charitable organization, Mr. Carr seeks injunctive and monetary relief.

2.      This action arises under the Lanham Act, 15 U.S.C. §1051 *et seq.* and the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 *et seq.*, the Illinois Right of Publicity Act 765 ILCS 1075, and Illinois False Personation Act 720 ILCS 5/17-2.  This action arises from, *inter alia*, Defendant Safiyanu Sahibu and/or John Doe's (together "Hacker") unauthorized hijacking of Mr. Carr's Instagram account, Cappin4Caponfp, and use of Mr. Carr's intellectual property for himself and his own monetary gain, as well as Defendant Meta's shielding of Hacker and aiding

1

and abetting Hacker in continuing his unlawful hijacking. In violation of state and federal law, Defendants have directly and/or vicariously, contributorily, blatantly, and intentionally infringed, and continue to infringe, Plaintiffs' valuable and protectable intellectual property rights.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over Plaintiffs' claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1331 and 1338 because this is an action arising under federal law relating to trademarks– specifically, the Trademark Act of 1946, as amended, 15 U.S.C. §§ 1051, et seq. (the Lanham Act). The pendent state law claims are so related as to the federal claims that they form part of the same case or controversy pursuant to Article III of the United States Constitution; thus, the Court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this District pursuant to 28 U.S.C. 1391(b)(2) and (3) because, upon information and belief, a substantial part of the events giving rise to the claims asserted herein occurred in this District, and because Defendants are subject to the Court's personal jurisdiction with respect to this action.

## THE PARTIES

5.      Plaintiff Labyron Carr is the founder of the non-profit Cappin4Capo, Inc. ("Cappin4Capo") which he founded in 2017 after his son Marvin Carr, an aspiring rapper, was murdered in Chicago.

6.      Plaintiff Cappin4Capo is a non-profit that provides services to underserved communities in Chicago and the surrounding area.

7.      On information and belief, Defendant Meta is a Delaware Corporation with its principal place of business in Menlo Park, California. Meta owns and operates the Instagram social media platform.

2

8.      On information and belief, Defendant Safiyanu Sahibu is a Nigerian citizen who studied technology at the Federal University of Technology Minna and is either the individual who hacked into Plaintiffs' Instagram account and now has control over the account or is associated with the hacker of Plaintiffs' account.

9.      On information and belief, Defendant John Doe is an individual or entity that hacked into Plaintiffs' Instagram account with Safiyanu Sahibu and now has control over the account.

## FACTUAL BACKGROUND

10.     One of Mr. Carr's nicknames is "Big Cap," or "Cap."

11.     In 2017, shortly after his son was killed in Chicago by gun violence, Mr. Carr founded a non-profit dedicated to gun violence prevention in Chicago named Cappin4Capo, Inc.

12.     Plaintiffs worked hard to create a web presence, including creating an Instagram account, a Facebook page, and a webpage.  *See* Exhibit A, Exhibit B, and Exhibit C.

13.     Plaintiffs created the Instagram account with the username Cappin4caponfp in July 2017.

14.     The bio underneath the username states: "The official nonprofit in honor of Marvin "Capo" Carr.  Founded by Big Cap.  Creating a brighter future for Chicago's future leaders."  *See* Exhibit A.

15.     On July 16, 2017, Plaintiffs posted their first picture to their Instagram account. *See* Exhibit D.

16.     Since Plaintiffs created the Instagram account in July 2017 until September 2022, Plaintiffs amassed roughly 1,800 followers on Instagram.

17.     Plaintiffs created their Facebook page Cappin 4 Capo INC in September 2018.

18.     As of May 2023, the Facebook page has 556 followers and 528 likes.

19.     Plaintiffs created their website, cappin4capo.org, in the fall of 2020.

20.     Through all these media channels – Instagram, Facebook, and their website – Plaintiffs have worked to help underserved youth in and around Chicago.  As stated on Cappin4capo.org, Mr. Carr and Cappin4Capo's mission is as follows: "My vision for 2023 is to change the negative stigma attached to our youth being associated with senseless gun violence, as well as our underserved and houseless communities.  Recently, due to the pandemic caused by Covid-19 that has drastically impacted all of our lives, social anxiety and mental health problems are at an all time high.  We at Cappin4Capo would like to serve the underserved as well as redirect the youth to better opportunities by creating our Marvin "Capo" Carr Scholarship Fund.  These Scholarships will be for students in three different categories; Scholastically, Athletically, and Musically.  We believe that by leading by example and taking charge of making a positive change throughout our communities, our mission to foster a creative atmosphere of love, peace, and unity to all of the communities in our city will come to fruition." *See* Exhibit J.

21.     In addition, Plaintiffs sell merchandise with the "C4C Cappin for Capo" mark on it.  *See* Exhibits E and F.

22.     Plaintiffs have been using the "C4C Cappin for Capo" mark and selling merchandise with the mark to people all over the country since the summer of 2020.  *See* Exhibits E and F.

23.     Additionally, Plaintiffs promote their non-profit services through their social media channels, which include promoting community service days, promoting their annual "Capsgiving" meal served on Thanksgiving, and posting pictures of Mr. Carr's son.  An image of the annual Capsgiving event is reproduced below and attached as Exhibit G.



24.     In promotion of these services, Plaintiffs have continually used their "C4C Cappin for Capo" mark or its aural equivalent "Cappin 4 Capo" and as such, the mark has acquired a tremendous amount of goodwill in the C4C Cappin for Capo mark.

25.     For example, on August 6, 2021, Plaintiffs posted on their Instagram a picture of Mr. Carr in his C4C Cappin for Capo baseball cap and C4C Cappin for Capo t-shirt posing with Lori Lightfoot, the Mayor of Chicago.  The following image is reproduced below and attached as Exhibit H.



26.     Further, Plaintiffs used their Instagram page to raise money to provide youth in the neighborhood access to free tutoring services.   The following image is reproduced below and attached as Exhibit I.



27.     Cappin4Capo, Inc. primarily provides services in the South Side of Chicago to both Chicagoans and people from nearby Northwest Indiana.

28.     In short, Mr. Carr and Cappin4Capo have built up valuable goodwill in the Cappin4Capo name and the C4C Cappin for Capo mark such that the public has come to associate the mark with the mission of preventing gang violence.

29.     Plaintiffs have never solicited funds for Non-Fungible Tokens ("NFTs") via their Instagram account or their company's website or otherwise.

30.     Plaintiffs have communicated with followers on their Instagram account by not only their comments and likes, but also through the Instagram messaging feature.

31.     On September 2, 2022, Plaintiffs' Instagram account was hacked by Hacker. Specifically, Hacker changed the contact information from the email and phone owned by Mr.

6

Carr to an email and phone owned by Hacker. In this way, Hacker has prevented Mr. Carr from accessing the account and the electronic communications and information stored therein.

32.     On information and belief, Hacker has also, since hijacking Plaintiffs' account, intercepted electronic communications as they were transmitted to Plaintiffs via unauthorized use of and access to the messaging feature of Instagram.

33.     On September 2, 2022, Instagram sent an email to Mr. Carr at cappin4caponfp@gmail.com – the email associated with Plaintiffs' Instagram account – with the following message: "The email on your Instagram account was removed at 06:12 (PDT) on Friday, September 02, 2022. If you didn't remove your email address, you can secure your account here." *See* Exhibit K.

34.     Mr. Carr unfortunately did not check his email account until September 6, 2022, by which time the reset link to secure his account had expired and Plaintiffs were unable to rescue the account from Hacker.

35.     On September 2, 2022, shortly after hacking Plaintiffs' account, Hacker posted a picture of a cartoon monkey wearing an eye-patch with the caption "Big shoutout to my girl @jadia_.osorio03 actually this my first time investing in NFT and it really work out for me with the Favour of Jadia ..With $750 I got a profit of $16,400 big appreciation from cap." The following image is reproduced below and attached as Exhibit L.



36.    The cartoon monkey posted is, on information and belief, an image from Cronos Chimp Club, an NFT provider. *See* Exhibit M.  Hacker's posting of this other trademark demonstrates his carelessness as to other's intellectual property rights.

37.    Hacker has posted twice more – once on September 5, 2022, and once on October 21, 2022 – encouraging followers to invest in NFT through @jadia_.osorio03.  The images are reproduced below and attached as Exhibits N and O.

 

8

38.     Hacker has also contacted users from Plaintiffs' Instagram account, impersonating Plaintiff.  One such user duped Tanisha Layne, Plaintiffs' former financial advisor into thinking she was dealing with Plaintiff.  See the image, reproduced below, of Hacker's Instagram messages to Layne on September 3 and again on September 8.



39.     On information and belief, Hacker has profited from his unauthorized use of Plaintiffs' Instagram account by obtaining NFT investment funds or referral fees that s/he may or may not be using toward actual NFT investments.  As indicated in Exhibit L, Hacker requests $750 from a user with the promise they will receive $16,400 in return.  Whether or not Hacker is scamming users and just keeping the initial payment or paying them the return, Hacker is monetarily profiting from misdirecting Plaintiffs' followers.

40.     On information and belief, NFTs have a bad reputation as risky, volatile investments fraught with scammers as well as a reputation for being damaging to the environment

based on the fact they require several computers, demanding significant energy consumption. Plaintiffs do not want their charitable organization to be associated with such bad reputation.

41.     Since September 2, 2022, Plaintiffs have not been able to regain access to their account or to reach their 1,800 followers.

42.     Plaintiffs attempted to reach out to Instagram several times to gain reentry to their account, to no avail.

43.     Specifically, Mr. Carr attempted to verify his identity several times by submitting a video selfie, one of the account reentry tools Instagram touts on its help website. *See* Exhibit P.

44.     Despite having several pictures of himself on the cappin4caponfp Instagram account, after each video he submitted as part of the identify verification process, Mr. Carr received an e-mail promptly from Instagram that they were unable to verify his account with the video he submitted.

45.     In addition to submitting videos of himself, on September 22, 2022, Mr. Carr reached out to Instagram via email to attempt to regain access to his account, noting the stress being locked out of his account caused him.  The email is attached as Exhibit Q and an image of the email is reproduced below:

From: Marvin Carr <cappin4caponfp@gmail.com>
Date: Thu, Sep 22, 2022 at 11:38 AM
Subject: Help getting my account back it's been hacked
To: <security@mail.instagram.com>, <support@instagram.com>

My name is Labyron carr I am the founder of Cappin4capo inc  a  vital
501 c3 organization my Instagram account Cappin4caponfp has been hacked I
have sent a video of myself on 3 occasions and you guys are saying you can't
identify me but yet my photo is all through the text age this person who has
hacked my page claiming to be me I'm also know as LB or , big Cap, or Cap,this
person is asking for money on my page , asking people to invest , and we don't
do any of that we are non for profit organization which gives back to the youth in
our underserved communities, this person has blocked me from my own page
and this has become very stressful, because you would think IG would have
something in place for such fraudulent issues if you just follow my account , I also
have a website two of them Cappin4capo.org or C4Chomeimprovement.com
everything C4C which stand for Cappin4capo who I my son I lost to senseless gun
violence in the city of Chicago I really need IG's support in getting my page back
and secured from this fraudulent individual, and a reply back is needed as soon
as possible please and thank you.

46.     After several months with no success, in late November 2022, Plaintiffs reached out to Lawyers for the Creative Arts, a Chicago based legal aid organization, for help seeking counsel.

47.     On December 8, 2022, via Lawyers for the Creative Arts, Plaintiffs retained Irwin IP LLP to help them regain access to their Instagram account.

48.     In December, Plaintiffs submitted a Trademark Report Form via the Instagram help center, noting that Hacker had infringed on Plaintiffs' common law trademark by taking over the Instagram account "Cappin4Caponfp" and operating it as its own account.

49.     On December 22, 2022, Instagram reached out to Plaintiffs' counsel denying access via the Trademark Report Form and directing them back to the Instagram Help Center link. *See* Exhibit R.

50.     Meanwhile, unable to gain access to their account, Plaintiffs created a new Instagram account with the handle/username "cappin4capo_nfp" to promote their services. *See* Exhibit S.

51.     Plaintiffs' first post on this new account was on October 31, 2022.

52.     As of May 5, 2023, the new Instagram account has 115 followers, only 6% of the number of followers Plaintiffs worked hard to accrue through the original account they are now prevented from accessing.

53.     On January 24, 2023, counsel for Plaintiffs conducted an extensive search to uncover the identity of the hacker via the new number associated with the account but reached a dead end.

54.     On February 10, 2023, Plaintiffs filed a Trademark application for C4C Cappin for Capo with serial number 97789580 that is currently pending before the United States Patent and Trademark Office.

55.     On February 24, 2023, it was discovered that @jadia_.osorio03 has a Facebook profile with the name Jadia Osorio.  *See* Exhibit T.  The hyperlink associated with Jadia Osorio's Facebook is https://www.facebook.com/safiyanu.sahibu.

56.     There is a Facebook user with the name Safiyanu Sahibu who studied at the Federal University of Technology Minna and whose bio reads "Computer literate in Excell at Computer literate in Excell, word, PowerPoint, Internet etc."  *See* Exhibit U.

57.     Based on these facts, upon information and belief, Safiyanu Sahibu is Hacker or in some way associated or working in concert with John Doe.

58.     In April, 2023, it was discovered that Tanisha Layne, whom Hacker had messaged on Instagram using Plaintiffs' username, posted videos on her account linking to @jadia_.osorio03 because she mistakenly believed Hacker to be Plaintiffs.

59.     Plaintiffs have also recently learned that Layne's account had also been hacked, presumably by the same John Doe.

## **FIRST CAUSE OF ACTION**

**(Unfair Competition, False Association, and False Designation of Origin against Hacker – 15 U.S.C. § 1125)**

60.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1–59 as if fully set forth herein.

61.     Plaintiffs own valid and protectable common law rights to the mark Cappin for Capo which has been used in commerce in connection with goods that bear the C4C Cappin for

Capo mark since at least as early as 2020 and has been used in commerce with charitable services that use the Cappin4Capo or Cappin for Capo mark since at least as early as 2017.

62. Plaintiffs have amassed goodwill in their mark and have sought federal protection for the C4C Cappin for Capo mark.

63. Hacker's use of the cappin4caponfp Instagram account has caused, and is likely to continue causing, confusion, mistake, or deception, in that the users of Cappin4Capo's services or purchasers of C4C Cappin for Capo's apparel, have assumed, and are likely to continue assuming, that Hacker's posts are put out by Cappin4Capo or are sponsored or endorsed by Cappin4Capo.

64. Hacker's use of the C4C Cappin for Capo Mark is, on information and belief, done in bad faith and with knowledge that such imitation is intended to cause confusion, or to cause mistake, or to deceive.

65. Specifically, Hacker's post on September 2, 2022 with the caption: "Big shoutout to my girl @jadia_.osorio03 actually this my first time investing in NFT and it really work out for me with the Favour of Jadia...With $750 I got a profit of $16,400 big appreciation from cap" implies that "cap," also known as Mr. Carr doing business as Cappin4Capo, created this post.

66. The additional two posts from Hacker further confuse users that Cappin4Capo sponsored or otherwise endorsed these posts.

67. As a result of their wrongful conduct, Hacker is liable to Plaintiffs for violation of the Lanham Act.

## SECOND CAUSE OF ACTION

**(Contributory Unfair Competition, False Association, and
False Designation of Origin against Meta – 15 U.S.C. § 1125)**

68.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1–67 as
if fully set forth herein.

69.     Defendant Meta has repeatedly prevented Plaintiffs from regaining access to their
Instagram account and has continued to provide Hacker with access to Plaintiffs' rightful
Instagram account despite Plaintiffs' repeated notices to Meta that Hacker is infringing.  *See*
Exhibits Q and R.

70.     Meta knew or had reason to know that Hacker is engaging in trademark
infringement, based on their review of Plaintiffs' Trademark Report Form and subsequent denial
of Plaintiffs' form on December 22, 2022.

71.     Meta has continued to allow Hacker to use Instagram and specifically to use
Plaintiff's Instagram in violation of Plaintiff's trademark rights.

72.     By aiding Hacker in maintaining its hijacked control of cappin4caponfp's
Instagram account Meta contributorily caused, and is likely to continue causing, confusion,
mistake, or deception, in that the users of Cappin4Capo's services or purchasers of C4C Cappin
for Capo's apparel, have assumed, and are likely to continue assuming, that Hacker's posts are put
out by Cappin4Capo or are sponsored or endorsed by Cappin4Capo.

73.     Specifically, Hacker's post on September 2, 2022 with the caption: "Big shoutout
to my girl @jadia_.osorio03 actually this my first time investing in NFT and it really work out for
me with the Favour of Jadia...With $750 I got a profit of $16,400 big appreciation from cap"
implies that "cap," also known as Mr. Carr doing business as Cappin4Capo, created this post.

74. The additional two posts from Hacker further confuse users that Cappin4Capo sponsored or otherwise endorsed these posts.

75. As a result of their wrongful conduct, Meta is liable to Plaintiffs for violation of the Lanham Act.

**THIRD CAUSE OF ACTION**

**(Trespass to Chattel under Illinois Law against Hacker)**

76. Plaintiffs incorporate by reference the allegations contained in paragraphs 1–75 as if fully set forth herein.

77. Hacker barred Plaintiffs' access to their Instagram account by using their account without their permission and preventing Plaintiffs from regaining access to their account by changing the contact information for the account.

78. The use of Plaintiffs' chattel without their permission to post risky and, on information and belief, scamming solicitations for NFT investments funds constitutes trespass to chattel by Hacker.

**FOURTH CAUSE OF ACTION**

**(False light invasion of privacy against Hacker)**

79. Plaintiffs incorporate by reference the allegations contained in paragraphs 1–78 as if fully set forth herein.

80. Since September 2, 2022, Plaintiffs' Instagram account has been used to place Plaintiffs in a false light before the public in that the hacked Instagram account was used to ask people for money to invest in NFTs, a risky and potentially scam of an activity that Plaintiffs do not engage in.

81. As Plaintiffs created Cappin4caponfp to promote their non-profit and help end gun violence, this new usage and the false light in which it has placed Plaintiffs would be highly

15

offensive to a reasonable person given the vast difference between NFT investment schemes and the worthwhile goal of ending gun violence on the wake of Mr. Carr's son's death by gun violence. Specifically, the fact that an individual is posing as Mr. Carr to take economic advantage of the underserved communities Plaintiffs seek to help, paints Plaintiffs in a false light in a highly offensive manner.

82.     Hacker acted with actual malice in hacking Plaintiff's Instagram account and seeking NFT money.  On information and belief, Hacker had knowledge that the statements about NFT investments were not made by Mr. Carr, and were therefore false.

83.     In the alternative, on information and belief, Hacker acted with a reckless disregard for whether the statements and posts it made to the Plaintiffs' account were true or false.

84.     As a result of their wrongful conduct, Hacker is liable to Plaintiffs for false light invasion of privacy.

## FIFTH CAUSE OF ACTION

### (Violation of the Illinois Right of Publicity Act under 765 ILCS 1075 against Hacker)

85.     Plaintiffs incorporate by reference all the allegations contained in paragraphs 1–84 as if fully set forth herein.

86.      Since September 2, 2022, there have been several posts by Hacker using Mr. Carr's and Cappin4Capo's identity to get Plaintiffs' followers to invest in NFTs.

87.     The appropriation of Mr. Carr's identity is demonstrated not only through Hacker using Plaintiffs' Instagram to post, but also through his captions that the posts were made with "appreciation from cap."

88.     "Cap" is one of Mr. Carr's nicknames, and thus this post is a direct appropriation of Mr. Carr's identity.

89.     Neither Mr. Carr nor Cappin4Capo gave any consent for Hacker to post using Mr. Carr or Cappin4Capo's identity.

90.     Hacker's posts were for commercial purposes.  Namely, to get followers to invest in NFTs or to get followers to send Hacker money for NFT's that Hacker would then convert to his own use.

91.     Hacker has violated Plaintiffs' right to publicity by posting as Plaintiffs on the cappin4caponfp Instagram page in the foregoing manner.

## SIXTH CAUSE OF ACTION

### (False Impersonation of a Charity under 720 ILCS 5/17-2 against Hacker)

92.     Plaintiffs incorporate by reference all the allegations contained in paragraphs 1–91 as if fully set forth herein.

93.     Since September 2, 2022, there have been several posts by Hacker using Cappin4Caponfp's Instagram to get Plaintiffs' followers to invest in NFTs or send money to Hacker under the guise that Hacker would invest that money.

94.     By posting under the Cappin4caponfp username, whose bio states: "The official nonprofit in honor of Marvin "Capo" Carr. Founded by Big Cap. Creating a brighter future for Chicago's future leaders" Hacker has falsely represented himself to be a member of Cappin4Capo, a charitable organization.

95.     Hacker has falsely impersonated a charitable organization by posting as Mr. Carr on the cappin4caponfp Instagram page and is therefore liable to Plaintiffs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants, as follows:

A.     That the Court enter judgment that Plaintiffs are the prevailing party in this action;

B.      That the Court award Plaintiffs their reasonable attorneys' fees and costs of suit;

C.      That the Court permanently enjoin Defendants, their agents, servants, employees, officers, and all persons and entities in active concert and participation with them from using the C4C Cappin for Capo Mark (or any other mark(s) confusingly similar thereto) in relation to services helping the community or any confusingly similar goods or services;

D.      That the Court requires Meta to provide true and accurate contact information for Hacker to Plaintiffs;

E.      That the Court requires Meta to remove Hacker from the Cappin4Caponfp account and reissue access to the Instagram account Cappin4caponfp to Plaintiffs;

F.      That the Court require Hacker to provide an accounting and disgorgement to Plaintiffs of all wrongfully gained monies from the use of Cappin4capofp; and

G.      That the Court award Plaintiffs such further just and equitable relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Mr. Carr hereby demands a trial by jury of all issues so triable.


Dated:  June 23, 2023                    Respectfully submitted,


                                         By: */s/ Lisa M. Holubar*
                                         Lisa M. Holubar
                                         Ariel Katz
                                         **IRWIN IP LLP**
                                         150 N. Wacker Dr., Suite 700
                                         Chicago, IL 60606
                                         (312) 667-6080
                                         lholubar@irwinip.com
                                         akatz@irwinip.com

                                         *Attorneys for Plaintiffs Labyron Carr and
                                         Cappin4Capo, Inc.*